The Attorney General has considered your request for an opinion wherein you ask the following question: "Is there a legal prohibition preventing a municipality from purchasing land from an individual whose brother serves on the Governing Board of the municipality and who has no other business or personal relationship with the seller" ? The Municipal Code, codified in Title 11 of the Oklahoma Statutes (Supp. 1977) contains no express prohibition contracts of the type this question concerns. The contract to purchase the property would be subject to the provisions of 62 O.S. 371 [62-371] (1971), which provides: "No board of county commissioners, nor city council, nor board of trustees of any township, or town, nor any district board of any school district in this State shall make any contract with any of its members, or in which any of its members shall be directly or indirectly interested; and that all contracts made in violation of this section shall be wholly void." In addition 21 O.S. 344 [21-344] (1971) provides: "Every public officer, being authorized to sell or lease any property, or make any contract in his official capacity, who voluntarily becomes interested individually in such sale, lease or contract, directly or indirectly, is guilty of a misdemeanor." The prohibitions of 61 O.S. 114 [61-114] (1974), dealing with public construction contracts, are not, by the terms of the Act, applicable to purchases of real property. The statutes cited above make no express prohibition against such a contract. They do, however, prohibit such a contract where the city officer is directly or indirectly interested in the contract. The type of interest which is subject to the prohibition has generally been held to be a private or personal interest of a financial or pecuniary nature, 63 C.J.S. Municipal Corporations 991, p. 556. Similarly, the general principle of law applicable to this type of contract is that the kinship relation between a seller and a member of the governing body does not invalidate the contract, absent a direct or indirect pecuniary interest of the member in the contract, 63 C.J.S. Municipal Corporations 991, p. 557. Whether the member of the governing body has any direct or indirect pecuniary interest in the contract is a question of fact. As the prohibition goes to indirect interests, the mere absence of a business or personal relationship with the seller is not necessarily dispositive. Any pecuniary interest in the contract on the part of the member of the governing body would render the purchase void. If the member has no interest in fact, directly or indirectly, in the sale of the property, the sale would be valid under the statutes of this state. It is important to note, however, that the charter and ordinances of any particular municipality may contain more stringent conflict-of-interest provisions, and this opinion does not address a situation where such provisions are involved. It is, therefore, the opinion of the Attorney General that your question be answered as follows: There is no statutory prohibition against a municipality purchasing land from an individual who is the brother of a member of the governing board of the municipality, where such member has no direct or indirect pecuniary interest in the sale of such property. (JOHN GREGORY THOMAS) (ksg) ** SEE: 88-088 (1988) ** ** SEE: OPINION NO. 85-138 (1985) ** ** SEE: OPINION NO. 91-029 (1991) ** ** SEE: OPINION NO. 90-540 (1990) (UNPUBLISHED) ** ** SEE: OPINION NO. 90-636 (1990) (UNPUBLISHED) ** ** SEE: OPINION NO. 87-530 (1987) (UNPUBLISHED) ** ** (ED. NOTE: CONFLICT OF INTEREST) **Disposition: **NOTE: OVERRRULED BY: STATE V. HILLCREST INVESTMENT CORPORATION **